UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

AARON MCKINNEY, SR.,
Petitioner-Appellant,

v.

No. 99-6567

ATTORNEY GENERAL OF NORTH
CAROLINA; DANIEL L. STIENEKE;
MICHAEL F. EASLEY,
Respondents-Appellees.

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
Frank W. Bullock, Jr., District Judge.
(CA-98-557-1)

Submitted: June 27, 2000

Decided: July 13, 2000

Before WILLIAMS, MICHAEL, and TRAXLER, Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

Aaron McKinney, Sr., Appellant Pro Se. Clarence Joe DelForge, III,
OFFICE OF THE ATTORNEY GENERAL OF NORTH CARO-
LINA, Raleigh, North Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Aaron McKinney, Sr., appeals the district court's order denying relief on his petition filed under 28 U.S.C.A. § 2254 (West 1994 & Supp. 2000). McKinney alleged in his appeal for the first time that the district judge had served as a juror at McKinney's state court trial and thus was precluded by a conflict of interest from deciding McKinney's § 2254 petition. In light of this issue we remanded the case to the district court for the purpose of clarifying whether the juror was the same person as the district court judge.

Unbeknownst to the judge, he had in fact previously been a juror in McKinney's case. Because of the nature of McKinney's habeas corpus claims, a review of the details of the evidence presented to the trial jury had not been necessary at the district court level, and the district judge had not realized the case he was handling was one on which he had sat as a juror in state court. After the question was brought to his attention on remand, the district judge recognized the two cases as being related and he immediately recommended that the case be assigned to another district judge for a de novo review of the magistrate judge's report and recommendation in order to avoid even the appearance of impropriety. We agree with the district judge that, even though he had not known the connection between the two cases, the case should be reassigned. See United States v. DeTemple, 162 F.3d 279, 286 (4th Cir. 1998) (discussing standard for recusal under § 455(a)), cert. denied, 526 U.S. 1137 (1999); cf. Rice v. McKenzie, 581 F.2d 1114, 1117-18 (4th Cir. 1978) (holding that district court judge who had no recollection of presiding over case as state court judge nonetheless required to recuse himself under§ 455(a) because of the appearance of partiality created).

Accordingly, we grant a certificate of appealability, vacate the district court's order, and remand the case to the district court for further

2

proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED

3